By the Court—Monell, J.
The only objection to the testimony which the Judge refused to strike out, was that it was not competent evidence. The plaintiff had been examined in his own behalf, and testified that he was standing in the door which led to the yard, that the defendant suddenly turned and went at him with an umbrella, and threw him out of the door into the yard. When the plaintiff recovered, he saw the defendant coming towards him, “I stood on the step of the office, facing inwards, “and the first thing I knew, I was lying out in the yard. “There was marble on both sides of the door and lying out “in the yard. * * The step was 15 or 18 inches from the “ground. I fell on the small of my back and shoulder, “and I went some distance, four or five feet, into the “ yard; my feet went up into the air. I felt the effect of “it very much. It made me lame in the back, and when “I sat down I could scarcely get up. I feel the effects of “it to this day if I take cold.”
It does not distinctly appear how long it was after the injury, that the complaints testified to by the witness were made. The occurrence took place at about 11 o’clock in the morning, and the plaintiff complained in the evening of the same day that he was hurt; it was probably, therefore, not more than six or eight hours afterward.
The declarations of a party, to be competent evidence in his own behalf, as forming a part of the res gestee, must have been made at the time or shortly after the injury; and they are never competent unless supported by other evideuce. * ■
*142 In Aveson v. Ld. Kinnaird, (6 East, 188,) which was an action on a life policy, Ld. Ellenborotjg-h allowed the declarations of the wife who was insured, as to the state of her health, to be given in evidence, for the purpose of proving by it that she was not really well at the time she was examined by the surgeon. And Lawrence, J., says (p. 198) “it is in every day’s experience in actions of assault, that what a man has said of himself to his surgeon is evidence, to show what he suffered by reason of the assault.”
In Caldwell v. Murphy, (11 N. Y. R., [1 Kern.] 416,) the action was for injuries received in being overturned in one of the defendant’s omnibuses, negligently driven by the defendant’s servant. In answer to an inquiry by the plaintiff’s counsel, as to the condition of the plaintiff’s health since the accident, one of the plaintiff’s witnesses stated that “he has always complained.” This the defendant moved to have stricken out, and it was refused. Denio, J., says “it did not fall within the rule which excludes the declarations of a party in his own favor. It is one of the natural concomitants of illness and of physical injuries, for the sick or injured person to complain of pain and distress. A complaint, it is true, may be simulated, but it is generally real. I think such evidence is admissible from the necessity of the case, and that it may safely be left to the Jury, in connection with the other evidence touching the alleged sick or injured person’s condition.”
In a case in this Court, (Page v. N. Y. Central R. R., 6 Duer, 523,) the plaintiff was ejected from the defendants’ cars, and brought his action for an alleged injury, and his statements or complaints of the injury made some days after were held to have been improperly admitted as evidence. But there was no other evidence of the injury, and the Court say “the plaintiff had not proved enough to make his own statements or complaint that he had a lame back, admissible. * * * There should be some proof of actual injury other than complaints of the party himself, made several days subsequently, to justify the *143 admission of such complaints.” And upon this fact, the Court distingnish the case from Caldwell v. Murphy.
In this case the complaint was made but a few hours after the injury was received, and before the plaintiff had fairly recovered from the shock, and while he was still suffering with pain. It would be doing great violence to every legitimate presumption to say, under such circumstances, that it was to be presumed as matter of law, to be a mere piece of simulation, so as to exclude it from the consideration of the Jury.
Without, however, weighing the importance of such evidence, and its probable effect upon the minds of the Jury, it its sufficient to say that within the cases to which I have referred, it was clearly competent; and in connection with the other evidence in the case, was proper to go to the Jury, as tending to establish the injury and the extent of it.
The judgment should be affirmed.